**BOCHNER PLLC**

**MEMO ENDORSED**

Edward Andrew Paltzik, Esq.
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

August 5, 2024

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/24

Re: *753 East 226 LLC et al., v. The New York City Department of Housing Preservation and Development, et al.*, No. 24-cv-4197 (VEC)

Your Honor:

We represent Plaintiffs 753 East 226 LLC, 148 W 142, LLC, And 820 East 10th St. LLC, (collectively "Plaintiffs") in the above-referenced matter. We write jointly together with counsel for Defendants The New York City Department of Housing Preservation and Development and Adolfo Carrión Jr. (collectively "Defendants") pursuant to the Court's order dated June 4, 2024 (ECF 7), and pursuant to section 2.C of the Court's Individual Practices in Civil Cases to respectfully request an adjournment of the Initial Pretrial Conference ("IPTC") currently scheduled for August 16, 2024 at 10:00 a.m.

Counsel have had preliminary discussions about settling this matter. Due to the possibility of reaching a settlement agreement in the instant matter, we believe it would be premature to engage in a Rule 16 IPTC and to prepare a proposed Case Management Plan at this point in time. This joint request for an adjournment of the IPTC is the first such request for Plaintiffs and Defendants. Accordingly, we propose an alternative IPTC date of November 1, 2024 to be attended in the event that a settlement agreement is not reached.

**Plaintiffs' Position**

Plaintiffs initiated the above-referenced action on May 31, 2024, by filing their Complaint (ECF 1) asserting a cause of action against all Defendants for Violation of Plaintiffs' Procedural Due Process rights under the Fourteenth Amendment of the United States Constitution, which provides in pertinent part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law [the Due Process Clause of the Fourteenth Amendment]."

U.S. CONST. amend. XIV, § 1 (Emphasis added).

Upon information and belief, Defendants maintain and enforce an unlawful policy which prevents numerous property owners—including Plaintiffs—from using scientifically proven paint

**Edward Andrew Paltzik, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

chip laboratory analysis to dispute erroneous positive lead paint "617" violations as determined by Defendants' X-ray fluorescence ("XRF") testing methodology for testing lead paint content on property surfaces (the "Retesting Ban"). Defendants' testing regime, which disallows testing verification to be conducted by the more reliable paint chip analysis testing methodology, has resulted in Plaintiffs and similarly situated individuals being issued erroneous 617 violations, with no avenue to contest and overturn them.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution. This action, based on violations of the constitutional rights of Plaintiffs and all similarly situated citizens of New York City, arises under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, damages, and fees and costs under 42 U.S.C. § 1988.

Plaintiffs filed their Motion for Preliminary Injunction (ECF 15) on July 16, 2024, requesting that this Court enjoin Defendants from enforcing the Retesting Ban pending a final settlement agreement or the entry of a final judgment in the instant action. The Court so ordered the parties' proposed Motion for Preliminary Judgment briefing schedule on July 18, 2024 (ECF 21).

Counsel for all parties conducted a meet and confer via video conference on August 1, 2024 to discuss the potential for an initial framework for a settlement agreement to resolve the instant matter, and agreed to conduct a follow up conference to build on this initial discussion in the next two weeks. Plaintiffs do not anticipate filing any additional motions at this point in time and remain optimistic that a final settlement agreement may be reached in the near future.

**Defendants' Position**

Defendants intend to move to dismiss and oppose the Plaintiffs' Motion for a Preliminary Injunction. In our papers we plan to argue that Plaintiffs do not state a due process claim for several reasons: First, a property interest is not implicated. The mere identification and reporting of violations without HPD taking any action to impose a penalty does not amount to a deprivation of Plaintiffs' property, and thus due process protections are not implicated. Moreover, even if there is deemed to be a property interest that implicates due process, Plaintiffs were provided with all process that is due including the ability to challenge the violations in Housing Court or in an Article 78 proceeding.

Nevertheless, counsel for Defendants are discussing with their clients the possibility of settling this matter and thus jointly request an adjournment of the Rule 16 IPTC and an extension to prepare a proposed Case Management Plan.

**BOCHNER PLLC**

**Edward Andrew Paltzik, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341 e edward@bochner.law w bochner.law

We thank the Court for its time and attention to this matter.

                          Respectfully submitted,

                          /s/ Edward Andrew Paltzik
                          Edward Andrew Paltzik, Esq
                          Avery Horovitz, Esq.
                          *Attorneys for Plaintiffs*

---

Application GRANTED.  The initial pretrial conference ("IPTC") scheduled for August 16 , 2024 is ADJOURNED *sine die*.  The parties must submit a joint letter by no later than September 24, 2024 indicating whether the parties have reached a settlement and whether they want to adjourn the Motion for a Preliminary Injunction schedule.  If the parties have not reached a settlement by that date, the Court will schedule an IPTC and set a deadline for the accompanying case management plan.  The Court can enter a referral at any time upon a joint request, either to the Hon. Sarah Cave, U.S. Magistrate Judge, for a settlement conference or to the court-annexed mediation program.

SO ORDERED.                          8/6/24

*[Signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE