USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
753 EAST 226 LLC, 148 W 142, LLC, and
820 EAST 10TH ST. LLC,

                                             Plaintiffs,

                    -against-

THE NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND
DEVELOPMENT and ADOLFO CARRIÓN JR.
*in his official capacity as Commissioner of the New
York City Department of Housing Preservation and
Development*,

                                             Defendants.

------------------------------------------------------------- X

24-CV-4197 (VEC)

<u>ORDER</u>

**VALERIE CAPRONI, United States District Judge:**

WHEREAS on May 31, 2024, Plaintiffs initiated this 42 U.S.C. § 1983 action against Defendants, alleging that Defendants' policy that prevents property owners from disputing positive lead paint readings violates procedural due process, *see* Compl., Dkt. 1;

WHEREAS on July 16, 2024, Plaintiffs moved for a preliminary injunction, *see* Pl. Mot., Dkt. 15;

WHEREAS on October 2, 2024, two non-profit advocacy groups, Make The Road New York and West Harlem Environmental Action Inc. (collectively, "Intervenor-Defendants"), moved to intervene as Defendants in this matter pursuant to Federal Rule of Civil Procedure 24(b) (the "Motions"), *see* Mots. to Intervene, Dkts. 41, 44;

WHEREAS the Court ordered the parties to respond to Intervenor-Defendants' Motions, *see* Dkt. 56;

WHEREAS on October 10, 2024, Defendants took no position on Intervenor-Defendants' Motions, *see* Dkt. 58;

WHEREAS on October 25, 2024, Plaintiffs opposed the Motions, arguing that Intervenor-Defendants had not alleged that their interests are not adequately represented by the parties and lack standing to participate in this action, *see* Pl. Opp., Dkt. 62;

WHEREAS Intervenor-Defendants replied on November 1, 2024, *see* Dkt. 63;

WHEREAS Fed. R. Civ. P. 24(b) provides that "[o]n [a] timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B);

WHEREAS the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," *id.* (b)(3); and

WHEREAS a district court has broad discretion under Rule 24(b), and it is not necessary to find that the intervening party's interests are not adequately represented in order to permit intervention, *see N.Y. v. U.S. Dep't of Health & Hum. Servs.*, 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019); *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (internal quotation marks omitted) ("[W]hile existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties."); *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, 2017 WL 6459464, at *13 (E.D.N.Y. Dec. 15, 2017); *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 754 (E.D.N.Y. 2016).

IT IS HEREBY ORDERED that Intervenor-Defendants' Motions to Intervene are GRANTED.  The Motions are timely, as the case is in the early stages, and the parties have not taken any discovery and have sought and received multiple adjournments of the briefing

schedule for Plaintiffs' Motion for a Preliminary Injunction, most recently as of November 4, 2024.  *See* Dkt. 66.  Plaintiffs do not claim that they would be prejudiced by Intervenor-Defendants' intervention.

Intervenor-Defendants assert that they "have been on the forefront of the struggle to protect New Yorkers from the devastating health effects of lead poisoning" and "have been intervenors, amici, or plaintiffs in virtually every single lawsuit brought in this area since the mid-90's."  Intervenor-Defendants' Mem. at 7, Dkts. 48, 49.  Intervenor-Defendants maintain that members of their organization campaigned for the laws being challenged in this case.  *See id*. at 6–7.  They assert that they will "offer a unique, personal, and highly relevant factual perspective to the law, its development, and its impact," along with "specialized expertise and substantial familiarity with the legal issues that are presented for review," *id.* at 12 (citing *Assoc. of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007)).  Although the Court finds that Intervenor-Defendants' interests will be adequately represented by the existing Defendants, it also finds that their presence in the case will assist in the just and equitable resolution of this case.

Plaintiffs also argue that Intervenor-Defendants lack Article III standing.  Pl. Opp. at 2.  The Supreme Court has held that "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."  *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017).  Intervenor-Defendants move for permissive intervention as Defendants, and they filed their Proposed Answers to the Complaint and did not assert any counterclaims or seek any form of relief.  *See* Nots. of Proposed Answer, Dkts. 55, 54.  Accordingly, Intervenor-Defendants are not required to demonstrate Article III standing, as they are not seeking independent relief.

IT IS FURTHER ORDERED that Intervenor-Defendants must adhere to the scheduling order at Dkt. 66 in light of Plaintiffs' Amended Complaint.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 41 and 44.

**SO ORDERED.**

Date:  November 8, 2024
   New York, New York

**VALERIE CAPRONI**
**United States District Judge**